**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **COCKETT MARINE DMCC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **JUDGE** |
| **v.** | § | |
| | § | |
| **VALERO MARKETING AND SUPPLY** | § | **CIVIL ACTION NO.** |
| **CO.,** | § | |
| | § | |
| *Defendant.* | § | |

**ORIGINAL COMPLAINT**

**COMES NOW**, through undersigned counsel, Plaintiff, Cockett Marine DMCC ("Cockett"), which files this Original Complaint against Defendant, Valero Marketing and Supply Co. ("Defendant"), and respectfully says as follows:

**JURISDICTION AND VENUE**

1.       This is an admiralty claim for damages to a vessel caused by bunkers purchased and procured from Defendant.  This claim falls within this Honorable Court's jurisdiction pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court.  This claim also falls within this Honorable Court's jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties.

2.       Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in this district and the property that is the subject of the action is situated within this district.

## PARTIES

3.      Plaintiff, Cockett Marine DMCC, is a foreign entity with its principal office located in Dubai, United Arab Emirates.  Cockett is a buyer and seller of bunkers to be supplied to vessels.

4.      Defendant, Valero Marketing and Supply Company, is a corporation organized under the laws of Delaware with its principal place of business at One Valero Way, San Antonio, Texas, 78249.  Valero is a procurer and supplier of bunkers.

## FACTS

5.      On March 29, 2018, Cockett entered into a supply contract with Yara Switzerland Ltd. ("Yara"), the charterers of the CELTIC GAS, a vessel owned by Ultragas ApS ("Ultragas") in Houston, Texas, for the supply of fuel bunkers.

6.       Cockett thereafter entered into a bunker Sales Contract Confirmation (Contract Number 4088570) with Valero on March 29, 2018 for the purchase, procurement, and delivery of bunkers with 630 mts of fuel oil, specifically IFO 8217:2010 RMG 3.5% S, to the CELTIC GAS. A copy of the Sales Contract Confirmation is attached as **Exhibit A**.

7.      The sale of the bunkers by Valero to Cockett was governed by the Valero General Terms and Conditions for Petroleum Product Purchases and Sales (2014 Edition), a copy of which is attached as **Exhibit B**.

8.      It was an express term of the contract to supply the CELTIC GAS that the bunkers would comply with ISO 8217:2010, Paragraph 5 of which provides:

> 5.2 The fuel shall be a homogenous blend of hydrocarbons derived from petroleum refining…The fuel shall be free from inorganic acids and used lubricating oils.
>
> 5.3 Fuels shall be free from any material that renders the fuel unacceptable for use in marine applications.

5.4 The fuel shall be free from bio derived materials other than 'de minimis' levels of FAME… In the context of this International Standard, "de minimis" means an amount that does not render fuel unacceptable for use in marine applications…

5.5 The fuel shall not contain any additive at the concentration used in the fuel, or any added substance or chemical waste that;

(a)     jeopardizes the safety of the ship or adversely affects the performance of the machinery…

9.     On April 6, 2018, Defendant delivered the fuel bunkers to, and received by, the CELTIC GAS at Bolivar Roads, Houston.

10.     On April 22, 2018, the CELTIC GAS started to use the bunkers and burn the fuel. Cockett was notified that problems immediately began in the use of the bunkers.  On May 17, 2018, Cockett informed Defendant of the notification, that the CELTIC GAS had encountered serious problems due to the quality of the fuel procured from Valero.  Evidence and testing revealed the bunkers were contaminated and did not comply with ISO 8217:2010.

11.     On June 16, 2020, Yara sent a demand to Cockett for the value of the claim against it by Ultragas plus legal fees.  Cockett, in turn, demanded indemnity from Valero for the contractual limit of its liability: $213,570.00.  Defendant has denied its contractual obligations and otherwise failed to accept responsibility for its negligence in procuring contaminated bunkers.

## CAUSES OF ACTION

**A.     Breach of Contract**

12.     Pursuant the Sales Contract Confirmation and the Valero General Terms and Conditions for Petroleum Product Purchases and Sales (2014 Edition), Valero was obligated to provide Cockett with bunkers that would comply with ISO 8217:2010.

13.     In breach of contract, Valero provided Cockett with bunkers that did not meet these standards.

14.     As a result of Valero's breach of contract, Cockett has suffered loss and damage. Specifically, the damage caused by the contaminated bunkers, and any liability imputed on Cockett for same, resulted from Valero's breach of contract with Cockett.

15.     As a direct and proximate result of Valero's breach, Cockett has suffered actual damages including, but not limited to, the amount of any resulting liability to Yara, pre-judgment and post-judgment interest, reasonable and necessary attorney's fees, and costs of suit.

16.     All conditions precedent to bringing this suit against Valero have been performed

**B.     Negligence**

17.     The damage caused by the bunkers was caused by the negligence of Valero in that it failed to procure non-contaminated fuel.  All damage caused by the contaminated bunkers is attributable to the negligence of Valero.

18.     Valero owed a duty to supply bunkers that were safe for use as intended so as to not cause or contribute to damage when the fuel was burned.  The damage caused by the contaminated bunkers was due to Valero's breach of its duty of care.

**C.     Breach of Warranty**

19.     Valero sold the bunkers to Cockett and were not merchantable such that the fuel was not fit for the ordinary purpose for which it is used and also not fit for the particular purpose the fuel was to be used.  Valero's breaches of the implied warranty of merchantability and implied warranty of fitness for a particular purpose caused damage to Cockett.

20.     All required notice to Valero has been timely provided.

**D.     Contribution and Indemnity**

21.     As the supplier and procuring entity, Valero is liable to Cockett for contribution and/or indemnity in relation to the damages alleged by Ultragas and Yara.

**WHEREFORE**, Plaintiff, Cockett Marine DMCC, prays that:

(1) This Complaint be deemed good and sufficient;

(2) That upon trial hereof it be awarded all damages claimed herein; and,

(3) That it be awarded actual damages, attorneys' fees and costs, pre and post judgment

interest, and all other damages and/or relief to which Cockett shows itself to be justly

entitled as a matter of law and/or equity.

Respectfully submitted,

**ADAMS AND REESE, LLP**

/s/ Matthew C. Guy
MATTHEW C. GUY
SDTX Bar No. 622802
Texas Bar No. 24050702
matthew.guy@arlaw.com
CHELSEA J. LU
Fed ID No. 3144205
Texas Bar No. 24095439
chelsea.lu@arlaw.com
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, TX  77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

*Attorneys for Cockett Marine DMCC*